UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                           :          CASE NO. 04-B-41105 (JMP)
In Re                                      :          CHAPTER 11
                                           :
       **INGRID OLSEN**            :
                                           :
       Debtor                      :
-------------------------------------------------------X

## MEMORANDUM DECISION DENYING REYNOLD OLSEN'S MOTION FOR RECONSIDERATION

      Reynold Olsen ("Mr. Olsen") moves for reconsideration of this Court's March 22, 2006 bench ruling that denied his motion to set aside on the grounds of alleged fraud a stipulation of settlement placed on the record in open court on November 11, 2004 (the "Settlement"). The Settlement, among, *inter alia*, 419 Apartment Corp. ("419"), Mr. Olsen and his wife (the debtor in this chapter 11 case and, hereinafter, "Debtor") later became the subject of an order entered by Judge Blackshear described below. At the time of the Settlement, Mr. Olsen was a *pro se* debtor in his own chapter 13 case and was represented by counsel in Debtor's case.

      Mr. Olsen and his wife have -- over the years -- each filed several petitions for bankruptcy relief in this court and have been involved in pre-petition state court litigation with 419 in the New York Civil Court. Debtor filed this chapter 11 case in April, 2004. This Court, by the Honorable Cornelius Blackshear, on February 16, 2005 entered an order approving the Settlement, which resolved certain disputes with 419 in the Debtor's case and established amounts payable to 419 with respect to the cooperative apartment formerly owned by Mr. Olsen and the Debtor. A plan of reorganization (the "Plan")

proposed by the Debtor was confirmed shortly thereafter, on March 29, 2005. Despite the Settlement, the order approving the Settlement and the confirmed Plan, Mr. Olsen continues to litigate with 419.

Mr. Olsen, acting *pro se*, has been relentless in his efforts to have the order approving the Settlement set aside. In pursuit of this goal, he has filed four motions (including two for reconsideration) and has prosecuted appeals to both the District Court and the Court of Appeals for the Second Circuit, none of which has been successful.[1] The most recent of these procedural maneuvers is a motion dated February 15, 2006 to vacate Judge Blackshear's order approving the Settlement (the "Motion Alleging Fraud"). This Court held a hearing on the Motion Alleging Fraud on March 22, 2006 and found no basis to set aside Judge Blackshear's order. The current motion by Mr. Olsen for reconsideration (the "Motion for Reconsideration") seeks to have this Court revisit – and, ultimately, change – that finding.

As the transcript of the March 22 hearing demonstrates, the Motion Alleging Fraud was denied for a number of reasons after affording Mr. Olsen an ample opportunity to specify the grounds that supported his allegations of fraud with respect to the Settlement. Chief among these reasons are: (1) although Mr. Olsen cast his motion as based in newly discovered "fraud," he was unable to provide the Court with any evidence of fraud by 419 relating to its secured claim in the Debtor's bankruptcy case (or in any

---

[1] Specifically, since February 16, 2005, Mr. Olsen has filed: (i) a Motion for Reconsideration of Judge Blackshear's order approving the Settlement, dated February 23, 2005; (ii) an appeal to the Southern District of Judge Blackshear's denial of that motion, dated March 7, 2005; (iii) a Motion for Reconsideration following Judge Castel's dismissal of his appeal, which was denied on March 8, 2006; (iv) an appeal to the Second Circuit of Judge Castel's decisions, which has been docketed as 06-1575; (v) the Motion Alleging Fraud, dated February 15, 2006; and (vi) the current Motion for Reconsideration, dated April 3, 2006.

other way)[2]; (2) all of the issues raised by Mr. Olsen are barred by principles of *res judicata*[3]; and (3) Mr. Olsen was in any event time-barred from making any arguments concerning the classification of 419's secured claim by virtue of the order confirming Debtor's Plan and the provisions of 11 U.S.C. § 1144.

The Motion for Reconsideration is mostly concerned with Mr. Olsen's argument that §1144 is not a bar to the relief he seeks. There are three main points in this argument; the Court treats them in turn. Mr. Olsen first alleges that he is permitted to challenge 419's secured status as a result of a reservation of rights in the Plan that allows the Debtor to reclassify the claim. Mr. Olsen is incorrect. Only the Debtor had reserved the right to question or modify the original classification of 419's secured claim and has not done so. Accordingly, by the express language of the Plan Mr. Olsen is unable to question the classification, and this argument therefore fails.

Mr. Olsen's second argument is that he did not have adequate notice of the Plan, and that §1144 consequently does not apply as to him. But on February 24, 2005 Mr. Olsen through counsel filed an "objection to confirmation," of the Plan -- the very same Plan that he now claims should not be a bar to his allegations of fraud because of lack of adequate notice. In fact, this objection by Mr. Olsen makes a specific reference to 419's secured claim but does not object to the classification of that claim. Mr. Olsen's argument that he did not have sufficient notice of the Plan and its provisions is

---

[2] Mr. Olsen argued that the proof of claim filed by 419 falsely claimed secured status when the co-op did not have possession of the shares applicable to the Olsen apartment. At the March 22 hearing, Mr. Olsen admitted on the record that he did not investigate the facts underlying the legal basis for the secured claim until recently.

[3] As is apparent from Judge Castel's January 2006 decision affirming the denial of Mr. Olsen's first attempt to set aside the settlement, all of the arguments Mr. Olsen raised in the Motion Alleging Fraud were previously raised before and disposed of by Judge Castel.

unpersuasive. Mr. Olsen participated in the Plan process in his wife's chapter 11 case. As a result, he is bound by the terms of the Plan and the final order of this Court confirming the Plan.

Mr. Olsen's final argument is that improper notice of the Plan should entitle him to vacatur of those sections of the Plan that relate to him, particularly the classification of 419's claim as a secured claim. Because this is simply another version of the same notice argument and, as discussed above, Mr. Olsen clearly <u>did</u> have adequate notice, as demonstrated by his objection to confirmation of the Plan in which he raised no issues as to the adequacy of notice, this argument also fails. Mr. Olsen waived any claim of inadequate notice when he filed his objection to confirmation of the Plan. The classification of 419's claim as a secured claim under the Plan is incontestable at this stage of the Debtor's case and there is no challenge that can now be made to the legal basis for that classification by any party, including Mr. Olsen.

Local Rule 9023-1(a) provides that there shall be no oral argument on a motion for reargument unless the Court grants the motion and specifically orders that the matter be re-argued orally.  The Court has considered all arguments advanced by Mr. Olsen and the opposition papers submitted by counsel for 419.[4]  The Court both adheres to and reaffirms its prior ruling.  Oral argument is therefore unnecessary, and the Motion for Reconsideration is DENIED.

DATED:    New York, New York
          April 24, 2006

                                        _____/S/ James M. Peck_____
                                        HONORABLE JAMES M. PECK
                                        UNITED STATES BANKRUPTCY JUDGE

---

[4] 419's opposition to the Motion for Reconsideration refers to a request for sanctions against Mr. Olsen.  As of the date of this decision, no motion for sanctions has been filed.